**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Angela Rose Tsimahidis, | No. CV-23-01281-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Jeremy Barnum, *et al.*, | |
| Defendants. | |

At issue is *pro se* Plaintiff Angela Rose Tsimahidis's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2). Having determined that Plaintiff does not have the means to pay the Court's fees in this case, the Court grants the Application. However, as set forth below, upon screening Plaintiff's Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that the Complaint fails to allege claims for relief over which the Court has subject-matter jurisdiction.[1]

**I.     LEGAL STANDARDS**

**A.     28 U.S.C. § 1915(e)(2)**

For cases in which a party is permitted to proceed *in forma pauperis*—that is, the party lacks the means to pay court fees—Congress provided that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on

---

[1] The Court ordered Plaintiff's initially filed Complaint (Doc. 1) to be sealed as it included an unredacted personal information identifier. The Court also ordered Plaintiff to file on the public docket a redacted Complaint in compliance with Fed. R. Civ. P. 5.2. (Doc. 6.) As of the date of this Order, Plaintiff has not complied with the Court's directive.

which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Section 1915(e) applies to all in forma pauperis proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127.

### B.    Federal Rule of Civil Procedure 8

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Thus, a dismissal for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Rule 8(a) also provides that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction." In other words, to proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Charles Alan Wright & Arthur R. Miller, 5 Fed. Practice & Procedure § 1206 (3d ed. 2014).

Even where a complaint has the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim," it may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Moreover, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

## II.    ANALYSIS

In her Complaint, Plaintiff asserts a claim for breach of contact against Defendants Jeremy Barnum and Elena Korablina, whom she identifies as the Chief Financial Officer and Principal Accounting Officer of JPMorgan Chase & Company, respectively.  (Compl. at 1.) Plaintiff alleges Defendants "acting as the indentured trustees respectively, have

1    failed to credit the Plaintiffs [sic] account upon order of instruction," which she alleges was

2    "received, by signature and ignored by Defendant [sic]." Plaintiff also appears to raise a

3    claim for breach of fiduciary duty against Defendants, referencing threats of repossession

4    of property associated with an account and alleged defaults on a "contracted account."

5          Plaintiff's Complaint is deficient for several reasons. First, it fails to allege

6    "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

7    face.'" *Iqbal*, 556 U.S. at 678. The Complaint fails to adequately describe the contract

8    Defendants are alleged to have breached; how Defendants are alleged to have breached it;

9    what fiduciary relationships existed between the parties; or how Defendants are alleged to

10   have to breached any duties arising from such relationships. Second, although the

11   Complaint asserts jurisdiction under 28 U.S.C. § 1331, it does not raise any federal

12   statutory or constitutional claim. Rather, it raises claims which arise, if at all, under Arizona

13   law. This Court has jurisdiction over state-law claims only if the amount in controversy

14   exceeds $75,000. *See* 28 U.S.C. § 1332(a). Plaintiff alleges only $44,000 in damages. To

15   the extent she seeks equitable relief, "[i]n actions seeking declaratory or injunctive relief,

16   it is well established that the amount in controversy is measured by the value of the object

17   of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Plaintiff does

18   not allege any object whose value exceeds the jurisdictional minimum. Thus, Plaintiff has

19   failed to properly invoke this Court's subject-matter jurisdiction.

20         For these reasons, the Court must dismiss the Complaint. Because it is not

21   impossible that Plaintiff could cure the deficiencies identified above, the Court will grant

22   Plaintiff leave to amend her Complaint to cure them. *See Lopez*, 203 F.3d at 1130.

23         **IT IS THEREFORE ORDERED** granting Plaintiff's Application to Proceed in

24   District Court Without Prepaying Fees or Costs (Doc. 2).

25         **IT IS FURTHER ORDERED** dismissing Plaintiff's Complaint (Doc. 1, under

26   seal) with leave to amend to cure the deficiencies identified in this Order.

27         **IT IS FURTHER ORDERED** that, if Plaintiff can cure the deficiencies identified

28   above, Plaintiff may file an Amended Complaint by **August 25, 2023**. Any Amended

Complaint must comply with Fed. R. Civ. P. 5.2. If Plaintiff fails to timely file an Amended Complaint, the Clerk of Court is directed to close this matter without further Order of the Court.

Dated this 1st day of August, 2023.

Honorable John J. Tuchi
United States District Judge